## TIMOTHY MORONY *vs.* PATRICK O'LAUGHLIN.

On the trial of a writ of entry to recover land to which the defendant claims title under a deed of the plaintiff and the plaintiff's wife, she is a competent witness, under the St. of 1865, *c.* 207, § 2, to testify, in the plaintiff's behalf, that she did not sign the deed in his absence.

WRIT OF ENTRY to recover a messuage in Conway. At the trial in the superior court, before *Devens*, J., " it appeared in evidence that the plaintiff obtained title to the premises in May 1851, by deed from John Ames, said premises consisting of a small house-lot, upon which in 1852 he erected a dwelling, the whole being then, and ever since, of less than $800 in value; that he then had a wife and several minor children, and they continued to reside upon the premises, having no other estate, until 1865. The original title, as aforesaid, was undisputed. The defendant claimed title by virtue of deeds from Morony and wife to John Fitzgerald, dated May 12, 1858, and from John Fitzgerald to himself; and introduced the deed, and the record copy of the same, of May 12, 1858, which purported to be signed by Morony and his wife. The plaintiff contended that the said deed was never signed by the wife or executed by her; the defendant contended it was; and the only question on trial was the validity of said deed. The plaintiff called his wife as a witness, and proposed to prove by her that she never signed the deed, he first testifying she never did sign or execute it in his presence. The judge excluded the testimony; the jury found for the defendant; and the plaintiff alleged exceptions."

*G. M. Stearns*, for the plaintiff.

*A. De Wolf*, (*S. O. Lamb* with him,) for the defendant.

COLT, J. The wife of the plaintiff could only be called as a witness under the St. of 1865, *c.* 207, § 2. The validity of the deed from the plaintiff and his wife, conveying the homestead, was the matter in controversy; it was the contract or cause of action in issue and on trial. The deed was signed by Morony If executed by his wife, it conveyed title to the defendant; otherwise not. This was the point in dispute. The plaintiff

testified that she did not sign it in his presence. But the deed was valid, though executed by her in his absence. The verdict was for the defendant; and the jury may have found that it was signed in his absence. *Fischer* v. *Morse,* 9 Gray, 440. *Ayres* v. *Ayres,* 11 Gray, 130. *Smith* v. *Smith,* 1 Allen, 231. *Granger* v. *Bassett,* 98 Mass. 462.

The words of the statute are, that, " whenever the contract or cause of action in issue and on trial was made or transacted with the wife of any one of the parties in the absence of her husband, she may be a witness." The defendant left his cause to the jury in such a shape as to justify them in finding that she signed the deed in his absence. And the court are of opinion that the plaintiff was, under the statute, entitled to meet this by calling his wife to prove that the deed was not executed by her. For all that appears, there may have been evidence, from the defendant or his witnesses, that the alleged act of the wife was in her husband's absence. The only effectual negative which could be given to this, on the part of the wife, would be her statement that she never signed the deed. *Cronan* v. *Cotting,* 99 Mass. 335. To exclude her, when offered for this purpose, would be practically to give the defendant the undue advantage of being a witness in his own cause, and to deprive the plaintiff of the substantial equality which it is the purpose of the law to give to parties. It would give the defendant the privilege of calling her to testify that she did sign the deed, if such was the fact, while the plaintiff could not call her to prove that she did not sign it in his absence. *Exceptions sustained.*